## Sobko Estate

*Ivan Michaelson Czap,* for accountant.

*Israel Packel* and *Raymond A. Speiser* for *Charles Recht,* attorney-in-fact, for heirs.

*John E. Stevenson,* Special Deputy Attorney General, and *Edward M. Goldsborough,* for Commonwealth.

KLEIN, P. J., April 24, 1954.—Fyokor Sobko, also known as Frank Sobko, died on March 16, 1949, intestate, unmarried, and without issue. The statement of proposed distribution lists as his surviving next of kin a sister, Ekaterina G. Sobka; a brother, Aleksej Sobko; and a niece, Anna N. Kononko (apparently the only surviving child of a deceased brother or sister), all of age and each entitled to one third of his estate. Letters of administration were granted on September

15, 1949, and proof of advertisement of notice thereof was produced to the auditing judge.

At the audit counsel for the accountant stated that all of the next of kin reside in the Soviet Union.

Mr. Stevenson, representing the Commonwealth of Pennsylvania, claimed the balance of principal and income for distribution, to be paid into the State Treasury, without escheat, in accordance with the provisions of the Act of July 28, 1953, P. L. 674. Section 2 of this act provides:

"Whenever it shall appear to the court that if distribution were made a beneficiary would not have the actual benefit, use, enjoyment or control of the money or other property distributed to him by a fiduciary, the court shall have the power and authority to direct the fiduciary (a) to make payment of the share of such beneficiary at such times and in such manner and amounts as the court may deem proper, or (b) to withhold distribution of the share of such beneficiary, convert it to cash, and pay it through the Department of Revenue into the State Treasury without escheat."

Volumes have been written concerning the deplorable plight of the people residing in the Union of Soviet Socialist Republics and the other nations dominated by the Soviet police state. From such information as is available to us concerning the status of the individual in these so-called "Iron Curtain" states, there would appear to be little doubt that these unfortunate people have been enslaved by a vicious government which deprives them of many of the rights enjoyed by the free peoples of the world, including the fundamental right of private ownership of property. It is fairly to be inferred from this court's experience with other cases of this character that funds transmitted to citizens of these countries are confiscated or diverted by the state or its officials and fail to reach the intended

beneficiaries. All this is so much a matter of common knowledge that the auditing judge will take judicial notice of it and, in the absence of positive and convincing assurance that the heirs of this decedent, all of whom reside in Russia, would receive "the actual benefit, use, enjoyment or control" of any funds which might be awarded to them in these proceedings, the administrator will be directed to convert the present balance into cash and pay it through the Department of Revenue into the State Treasury without escheat in accordance with the provisions of the Act of 1953 quoted above.

At the audit Mr. Packel entered an appearance for "Charles Recht, Esq., attorney-in-fact for decedent's brother, Aleksej Grigorjevitch Sobka; for decedent's sister, Ekaterina Sobka, and for decedent's niece, Anna Nikitichna Kononko, pursuant to powers of attorney attached hereto."

The appearance slip of Mr. Packel further states:

"In view of the declared policy of this court and the Act of July 28, 1953, P. L. 674, no objecton is made to the nondistribution to the beneficiary who might not get the benefit or control of the distributed fund, but request is made for the distribution of a counsel fee for services for the beneficiaries in the amount of 10 per cent."

In Pennsylvania the burden is upon those who claim kinship to a decedent who dies without issue or known relatives to prove their claim by a fair preponderance of trustworthy and satisfying evidence: Link's Estate (No. 1), 319 Pa. 513 (1935). In the present case no such proof has been furnished to the court and no useful purpose would be served by doing so at this time. For the purpose of this discussion, however, we will assume that claimants are, in fact, decedent's nearest surviving relatives.

Counsel has submitted what purport to be three powers of attorney executed by claimants. These documents appear to be in proper form and are verified by the United States vice consul stationed in Moscow. What is not apparent, however, is whether these papers were actually signed by claimants and, if they were, the circumstances under which their signatures were obtained.

The auditing judge has no confidence in the integrity of the present Russian Government or in the honesty of its public servants. Until he is furnished with proof positive that these letters of attorney were actually signed by claimants, themselves, and that their signatures were obtained without fraud or duress, they will not be regarded as valid instruments. The request by Mr. Packel for "the distribution of a counsel fee for services for the beneficiaries in the amount of 10 per cent" is therefore refused, without prejudice, however, to his right to renew his claim for compensation in any future proceedings with respect to this fund.

Mr. Goldsborough, representing the Commonwealth of Pennsylvania, entered an appearance claiming such transfer inheritance tax as may be due and assessed, but in view of the fact that the balance for distribution will be awarded to the Commonwealth, for payment into the State Treasury, without escheat, no award of tax will be made in this adjudication.

The balance of principal, personal estate, composed as stated, is $4,782.33
less additional credits requested in the appearance slip of counsel, aggregating 321.54

leaving $4,460.79
which, together with the balance of income, $245.43, and together with any further income or interest on deposits, is awarded to the Commonwealth of Pennsylvania, to be paid into the State Treasury, without

escheat, in accordance with Act of July 28, 1953, P. L. 674.

Leave is granted to the accountant to make all transfers and assignments necessary to effect distribution in accordance with this adjudication.

And now, April 24, 1954, the account is confirmed nisi.